UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

NO ACTION # ASSIGNED

FILED (JS)
US DISTRICT COURT CLERK
WESTERN DISTRICT OF KY
22 MAR -3 PM 12:49

KARL KRAUS JR.                                                                PETITIONER

60-B MOTION

COMMONWEALTH OF KENTUCKY                                                      DEFENDANT

Comes Now Karl Kraus Jr Pro-se to ask this Honorable Court to over turn this petitioner's guilty plea do to the duress he suffered because of the ineffectiveness of trial counsel. Mr Kraus has had problems with anger his whole life.

Mr Kraus' counsel was ill prepared to handle the problems with a case of this magnitude. Counsel never told Mr Kraus that he was facing life due to the PFO 1st that was illegally added before the second trial. Kraus' counsel Tom Sneder had only handled (1) one trial before Mr. Kraus' trial and that was for drunk driving. Mr Sneder lost that trial also.

Ms Gender Massamore was no more effective because she should have known that the PFO 1st did not apply to Mr Kraus' case and she should not have allowed the removal of Mr. Kraus from the courtroom.

These (2) two violations of due process are of a constitutional magnitude. They are full grounds for reversal.

Mr Kraus should have been examined by the state psychologist due to Mr Kraus' prior mental issues. It is plain to see that Mr. Kraus has had serious psychological problems that stem from his abusive childhood and the molestations that occured during his early years (8 to 10). The State of New Jersey examined Mr Kraus repeatedly from age 14 to 43. For Mr Kraus not to be examined before trial shows again the ineffectiveness of trial counsel. All of the ineffectiveness claims that Mr. Kraus has

P. 2

Brought before the courts have been nullified because of a person that has extreme issues with anger and anti social behavior syndrome.

Mr. Kraus' counsel was so ineffective in the treatment and representation of Kraus that any plea after the guilt phase of the trial should be held void.

These issues are only a small portion of the ineffectiveness of counsel, both during trial and direct appeal appellate counsel. It seems that not only counsel has hidden behind Mr. Kraus' duress filled guilty plea, but the courts have chosen this path also.

The courts are well aware of Kraus' lack of legal training and yet they hold Mr. Kraus to a very strict legal regime. It seems that the Commonwealth can break the law, use falsehoods, disregard facts and constitutional violations because a defendant with no legal training, with deep life long psychiatric and psychological problems, has pled guilty without any advice from counsel except "I don't recommend you do that."

Mr. Kraus was not aware he was even sentenced to 4 life terms until after his direct appeal was over. Mr. Kraus thought that his sentence was 65 with 85%. No one, trial counsel or appellate counsel ever told Mr. Kraus about the life sentences. Mr. Kraus was told by another inmate when he started doing his RCr. 11.42.

Now Mr. Kraus has completed his opening statement. Following is the present arguments that Mr. Kraus will present to this Honorable Court. Mr. Kraus would like this Honorable Court to not forget the other ineffectiveness claims brought before the courts. And reconsider them also.

Before the second trial Mr. Kraus was charged with a PFO 1st Degree. This charge was brought against Mr. Kraus because he refused to plead guilty to charges that he did not commit. The prosecutor choose to charge Mr. Kraus do to vindictiveness, because the PFO 1st Degree charge does not apply to Mr. Kraus' past

criminal history. This charge is also the charge that Mr Kraus pled guilty too. The problems with this are many. PFO 1st Degree says that a person can only be charged with a PFO 1st Degree if he/she was sentenced to more than one offense that were run seperately. Mr Kraus was sentenced to a 10 year sentence for several charges that were run together for (1) one sentence. This fact makes Mr Kraus not qualified for a PFO 1st Degree sentence.

Mr Kraus' counsel was ineffective when they choose not to object to the unlawfull charge. Mr. Kraus did not know this fact for several years do to his complete lack of legal knowledge and training.

Mr Kraus cannot be held to the guilty plea because a person cannot be allowed by the courts to plead guilty to an illegal charge. A defendant needs to file a "unqualified consent" to be sentenced to an unqualified PFO 1st Degree. See; St Clair V. Commonwealth, 140 S.W. 3d 510 (KY 2004)" also "Ex Post Facto" Greffith V. Kentucky, 479 U.S. 314; 107 S. Ct. 708 (1987)

If a defendant who pleads guilty is permitted by state law to appeal issues after the plea has been entered, a federal court may review those claims on habeas corpus review. See; Lefkowitz V. Newsom, 420 U.S. 283, 292-93 (1975).

When the prosecutor amended the indictment to include a PFO 1st Degree charge, the addition of this charge did prejudice the substantial rights of the defendant. In RCr 6.16 it allows indictments to be amended "anytime before verdict or findings", but the amendment cannot charge an additional or different offense, nor can it prejudice the substantial rights of the defendant. Kentucky courts have read this statute broadly, however, and a prosecutor can generally amend an indictment to conform to the proof without affecting the substantial rights of a defendant, so long as the defendant is not suprised, misled, or prejudiced. See, eg Johnson V. Commonwealth 864, S.W.2d 266 (KY 1993); and Moran V. Commonwealth 399, S.W. 3d, 35, (KY App 2013).

When the new indictment for the PFO 1st Degree was dropped on Mr. Kraus,

Pg 4

Kraus was confined in Northpoint Training Center, in the hole. Mr. Kraus also did not have any counsel assigned to him. Kraus was never informed of the up coming new charge, and when Kraus received the indictment letter he was completely suprised. Both adding a new charge and not having representation prejudiced Mr. Kraus. The fact that the PFO 1st Degree charge does not fit, and, is unlawfull in this case, as well as the guilty plea made under great duress must be held void and recinded by this case. It also should void the trial because the addition of the PFO 1st charge had to effect the way Kraus' counsel handled Mr. Kraus' defense. How could it not?

Mr. Kraus was told by his counsel that they "recomend that he not plead guilty". Counsel never told Kraus about the mandatory minimum and/or maximum sentences for the charge, including any special parole, supervised release, and restrictive terms; the constitutional rights waived by a guilty plea, and the answer to the court's questions, if under oath, on the record, and in the presents of defendant's counsel, may be used against him in a subsequent proceeding. The trial judge however, did inform Mr. Kraus that the guilty plea would not interfer with any future appeal and yet time and again it has done nothing but cause problems and consternation for Mr Kraus' appeals and post-conviction relief efforts.

The Due Process Clause of the 14th Amendment states; "No state shall make or inforce any law which shall abridge the prueleges or imunites of citizens, of the United States, nor shall any state deprive any person of life, liberty or property without due process of law; nor deny to any person within it jurisdiction the equal protection of the law.

There are those who say, as did Justice (then Judge) Cardozo, that under our constitutional exclusionary doctrin "the criminal is to go free the constable has blundered". People V DeFore, 242 N.Y. at 21, 150 N.E. at 587. In some cases this well

Pg. 5

undoubtedly be the result. But as was in Elkens, "There is another consideration - the imperative of judicial integrity."

In the case at bar many due process rules and laws were violated. Mr Kraus was arrested after a state trooper lied to obtain a search warrant for Kraus' personal truck. Trooper Gabbard stated on the warrant application that "the alleged victims told her that they had been in Mr Kraus' personal truck. During the trial the trooper stated that she never talked to the alleged victims except during the original questioning. The transcript does not show that either alleged victim ever made such a statement. That's 1. #2 is the coercion of the alleged victims. One alleged victim was asked 15 or so times if Kraus removed her pants. She first answered no then during other 15 or so times the answers went from no, to silents, to yes, and the trooper stopped asking the question. With the other alleged victim the same question was asked up to 10 times with the same results, no, to silents, to yes. There is no other way to describe what happened other than "coersion". #3 The trooper showed my photo to the mother when it fell out of the folder she was holding. The folder contained only information on Kraus with his sex offender registration. No other persons information or photos were brought by the trooper. #4; The trooper gave false evidence to the grand jury, when she stated she found a pubic hair in Kraus' work van. The hair after being examined by the state lab, showed that the hair was not identified as a pubic hair and it did not belong to Kraus, or either alleged victim. Those are only (4) four examples of the personal vendetta that was carried out by Trooper Barrnet.

"The criminal goes free, if he must, but it is the law that sets him free. Nothing can destroy a government more quickly than it's failure to observe it's own laws, or worse, it's disregard of the charter of it's own existence. Our government is the potent, the omnipresent teacher. For good, or for ill, it teaches the whole people by it's example..... If the

Pg 6

Government becomes a lawbreaker, it breeds contempt for law; it invites every man to become a law unto himself; it invites anarchy" Prior paragraph statement by Justice Brandeis Dissenting; Olmstead V United States 277 U.S. 438, 485 (1928)

To declare that in the administration of criminal law the ends justifies the means - to declare that the Government may commit crimes in order to secure the conviction of a private criminal - would bring terrible retribution, against that pernicious doctrine this very court must resolutely set it's face

When Mr. Kraus was removed from the courtroom and the presents of the jury everything after that becomes void. No court can declare what happened in the jury's mind and how Kraus' removal from the jury's presents affected the jury's opinion about Kraus. This means that Mr. Kraus was found guilty unlawfully by that affected jury, and additionally Mr. Kraus' duress filled plea must be voided by this Honorable Court.

During his guilty plea Mr Kraus was very aware of the anger he had toward his ineffective counsel. Mr Kraus told his counsel to leave him alone and go away several times without being offensive. Mr. Kraus made a promise to himself to never hurt anyone again. Kraus has maintained that effort since he left prison in New Jersey in 1998. There is one exception where I hurt an inmate because he was trying to take something from me by force. That inmate is the only person that I have hurt.

Mr Kraus was also aware of the victimization of the jury by the lies spewed by the prosecutor and state police. Mr Kraus past history also played a big roll in his conviction, and guilty plea. This duress caused Mr. Kraus to use the only option left from the anger management courses he took. That the fastest and least violent way to exit the situation without regard for himself." Stanford V. Parker 266 F3d 442, 454 (6TH Cir 2001)

Mr. Kraus' lead attorney had just passed the Kentucky Bar and had handled

Pg 7

one trial for a drunk driver and lost that case. Mr. Kraus did not find out these facts until well after the Kraus trial started and Mr. Tom Snider was not assigned to Kraus' case during the PFO 1st Degree Indictment Phase of the case. Mr. Snider was also not aware of the coersion used on the alleged victims. In Northrop v. Trippett 265 F.3d 372, 383-84 (6th Cir. 2001) "Counsels failure to seek suppression of only evidence against defendant was unreasonable because evidence was obtained in violation of the Fourth Amendment;" Berger v. United States 295 U.S. 78; 55 S.Ct 629; 79 L.Ed 1314 (1935); Reed v. Illinois Docket No. 124940.

For the rest of the ineffectiveness of counsel claims refer to Mr. Kraus' RCr. 11.42.

There are other constitutional issues in the case at bar. The most important being the constitutionally unprotected post conviction relief of RCr 11.42. The Commonwealth finds that it is easier to reject ineffectiveness of counsel claims because they are not brought up on direct appeal. The perfect example of this treachery being used against Kraus is while Kraus brought up several ineffectiveness of counsel claims in his RCr 11.42 the Kentucky Court of Appeals stated that those issues should have been brought up on direct appeal. The kicker here is RCr 11.42 is a special rule that does not allow ineffectiveness of counsel claims to be brought up on direct appeal.

Manifest injustice has occured numerous times during the trials and direct appeals of the cases at bar. In these injustices that are created by the Kentucky Legislature and Kentucky Judicial system, plus the additional problems caused by the Plaintiff's past criminal history and involuntary guilty plea border on the extreme. Peak v. Webb, 673 F.3d 465, 474-75, (6th Cir); Green v. Fisher S.Ct. 38, 43-44, 181 L.Ed 2d 336 (2011);

Kraus was required by to proceed on his direct appeals as a matter of right in two seperate actions. Specifically, Kraus was prevented from raising ineffectiveness of trial counsel on direct appeal due to the way the Commonwealth of Kentucky

Legislative Body and the Commonwealth of Kentucky's Criminal Justice System has structured the Appeal and Post-Conviction Procedures.

Procedural Rules Direct Trial Counsel to File Post-Trial Motions, ie; Motions for New Trial, and Notice of Appeal Motions. It is during this time that Kraus became procedurally stymied due to the unmistakable malfunction and extreme unlawfullness so called Justice that is purposefully and legislatively placed in the Criminal Justice System of Kentucky.

The Kentucky Legislative Body and the Kentucky Criminal Justice System chose to operate under a Dual Appeal Process that is violating the Kentucky and United States Constitutional Rules.

One Appeal Process is the Constitutionally Protected Direct Appeal, where Plaintiffs have the Guaranteed Protection of the Kentucky and United States Constitutions.

The second of the Appeal Process adopted by Kentucky, called "Collateral Attack Process of the RCr 11.42, is not Protected under either Constitution. This Dual Process Action denied this Appellant's Constitutionally Protected Right of Appeal that Appellant did not or has not knowingly waived, eg; such as Appellant's Right to Have Effective Trial and Appellant Counsel. The Commonwealth of Kentucky's Supreme Court has emphasized for over 20 years of Court Decisions, that Ineffective Assistance of Counsel Claims are not properly raised on Direct Appeal, but usually proceed under RCr 11.42.

In the Case at Bar the Commonwealth of Kentucky's Court of Appeal #2007-CA-0008-MR, Page 3, Line 30-32, states about Kraus' RCr. 11.42, that "RCr 11.42 is not the correct way with this type of issue. Direct Appeal is the correct way to bring up this issue."

The Quandry here being that Kraus' Direct Appeal Attorney's stated repeatedly that all of the Issues that Mr. Kraus wanted to raise "were not preseruered and therefore cannot be in the Direct Appeal." This is the critical time where Appellant's Constitutional Rights to Due Process and the Properly Constitutionall

protected protected direct appeal were adversely affected. This adverse affect is directly caused by the legislative and judicially approved procedural framework, laws, and rules. This allowed several ineffective assistance of counsel claims to be confused and irretrievably lost.

There are serious ethical problems with the constitutionality and legality of the collateral attack of RCr 11.42 and how the issues of ineffectiveness of counsel claims are pushed to the side in the Commonwealth of Kentucky.

In the case at bar Trial Counsel (The Honorable Ginger Massamore) admitted to failing to protect Mr. Kraus from being subjected to bias and unconstitutional treatment when she submitted an affidavit saying that Kraus was removed from the courtroom and the presents of the jury during trial.

This issue alone should grant a new trial! And yet the courts of Kentucky have failed their duty to uphold the law and constitution, not with this issue but with every issue that this appellant has brought before the courts of Kentucky.

The United States and Kentucky constitutions, along with law and court rules are in place to protect and preserve the rights to a fair trial and unbias appeal even for repeat offenders. Personal opinions and feeling should not effect the rights presented to every citizen even the dregs of society.

In this case Mr. Kraus has be thwarted at every turn and step due to his violent criminal history and his mentally ill, self depracating guilty plea driven by the duress he was under after being found guilty of crimes he did not committ.

The facts of this case are, trial counsel and appellat counsel undoubtedly failed to protect Mr. Kraus' rights to a fair trial and correct appeal process.

If the courts would look at this case's facts they would come to the correct conclusion that Mr. Kraus got convicted with coerced testimony and lies promoted by a state trooper and a lazy prosecutor.

Pg 10

The Kentucky Rules of Criminal Procedure RCr 11.42 is procedurally inept, and it's legality should not be allowed. It is without a doubt in violation of the United States and Kentucky constitutions and it flys in the face of equal justice.

It does not protect a citizens 6th Amendment right to raise ineffectiveness of trial counsel claims during direct appeal and does not allow proper representation by effective counsel during the constitutionally protected and critical stage of the direct appeal process.

The right to a proper direct appeal have been irretrievablely lost from every person that has been forced to use the unprotected RCr 11.42 process. EVERY WRONGFULLY CONVICTED PERSON IN KENTUCKY!!!

The trial prosecutor did not submitt any type of argument or rebuttal to the first RCr 10.26 motion, or the second either. That motion was a combined RCr 11.42, RCr 10.26, RCr 10.06 and RCr 60.02 (e) and (f).

If the trial prosecutor would have disputed Kraus' unlawfull removal from the presents of the jury and the courtroom in writting he/she would have committed perjury.

How can a fact be ignored? During this case it seems is a very special case that the law, the court rules, constitution, and judges oaths does not apply.

Mr. Kraus has been asking a simple question for 20 years, when will the law be allowed to apply to this case.

Wherefore Mr. Kraus prays that this honorable court will honor the constitution and overturn the unlawfull conviction.

Mr. Kraus would also like this honorable court to know that the tapes and CD's of the trials are flawed. There is no sound on the first tape and the first CD of both trials. Mr. Kraus is not a lipreader and is unable to give the court correct times of statements made during trial

Pg 11

IF AT ALL POSSIBLE COULD THE COURT CORRECT THIS BLUNDER. THANK YOU.

RESPECTFULLY

*(signature)*

KARL KRAUS JR

171560

Luther Luckett Correctional Complex
1612 Dawkins Road, PO Box 6
LaGrange, Kentucky 40031

CERTIFICATE OF SERVICE

LET IT BE KNOWN THAT A COPY OF THIS AND ALL CONTENT CONTAINED WITHIN HAS BEEN SENT TO THE WESTERN DISTRICT COURT OF KENTUCKY AND THE COMMONWEALTH OF KENTUCKY ATTORNEY GENERAL IN FRANKFORT.

RESPECTFULLY

*(signature)*

KARL KRAUS JR.

171560

Karl Kraus Jr
1715000
Luther Luckett Correctional Complex
PO Box 6
LaGrange, Kentucky
40031

Office of the Clerk
United States District Court
106 Gene Snyder U.S. Courthouse
601 West Broadway
Louisville, Kentucky
40202-2249

FILED JS
US DISTRICT COURT CLERK
WESTERN DISTRICT OF KY
22 MAR -3 PM 12:49

NEOPOST
FIRST-CLASS MAIL
03/01/2022
US POSTAGE $000.93⁰
ZIP 40031
041M11458349